Garrett Charity, Esq.
Garrett.Charity@MccarthyLawyer.com
McCarthy Law PLC
4250 N. Drinkwater Blvd., Ste. 320
Scottsdale, Arizona 85251
Phone: 602-456-8900
Fax: 602-218-4447
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHIYA DAVIS,<br><br>　　　Plaintiff,<br><br>v.<br><br>SYNCHRONY BANK; EQUIFAX INFORMATION SERVICES, LLC; and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>　　　Defendants. | Case No.: 8:24-cv-826<br><br>**Complaint for Damages:**<br>　　**Violation of Fair Credit**<br>　　**Reporting Act** |

Plaintiff, Ashiya Davis, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I.  INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on her consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II.  PARTIES

2. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(3).

3. Defendant, Synchrony Bank ("Synchrony") is and at all times relevant hereto was, a lending institution regularly doing business in the State of California.

4. At all times pertinent hereto, Defendant Synchrony is a "person" as that term is defined in 15 U.S.C. §1681a(b) and Cal. Civ. Code § 1788.2(g), and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

5. Defendant Experian Information Solutions, Inc. is a corporation existing under the laws of California, with North American Headquarters in Costa Mesa, CA.

6. Defendant, Experian Information Solutions, Inc. ("Experian"), is a credit reporting agency, licensed to do business in California.

7. Defendant Equifax Information Services, LLC ("Equifax") is a corporation existing under the laws of California and at all times relevant hereto was regularly doing business in the State of California.

8. Defendant Experian is, and at all times relevant hereto was, regularly doing business in the State of California.

9. Experian and Equifax regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

10. Experian and Equifax furnish such consumer reports to third parties under contract for monetary compensation.

11. At all times pertinent hereto, Defendant Experian and Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III. JURISDICTION AND VENUE

12. This Court has jurisdiction over this action pursuant to 15 U.S.C. §1681p and 28 U.S.C. §1331.

13. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## IV. FACTUAL ALLEGATIONS

14. On or about April 24, 2022, Synchrony canceled the alleged debt of Plaintiff for a Synchrony Old Navy account, account number ending 19310 (the "Account").

15. Synchrony issued Plaintiff an IRS Form 1099-C, stating it discharged the debt tied to the Account.

16. The form 1099-C canceled the principal balance owed on the Account.

17. The Identifiable Event Code on the 1099-C is marked "G"—indicating that the creditor has made a decision or policy to discontinue collection of the debt and to cancel the debt.

18. Upon information and belief, Synchrony submitted the form 1099-C to the IRS, reporting the debt canceled as income attributable to Plaintiff.

19. Because of this, Plaintiff was obligated to pay taxes on the cancelled debt.

20. Prior to issuing the form 1099-C, Synchrony actively attempted to collect the debt from Plaintiff using telephone calls, letters, and collection notices.

21. After cancelling the debt, Synchrony discontinued efforts to collect the debt and no longer uses the telephone calls, letters, and collection notices that it employed prior to cancelling the debt.

22. Prior to cancelling the debt, Synchrony provided periodic statements and letters containing information about the Account.

23. After cancelling the debt, Synchrony discontinued its practice of providing periodic statements and letters containing information about the Account.

24. Based on the issuance of the form 1099-C, and on Synchrony's activity or inactivity related to collecting the debt, it is clear that Synchrony has cancelled the debt associated with the Account.

25. Plaintiff relied on receipt of the IRS Form 1099-C from Synchrony in her decision-making and activities concerning the Account.

26. In spite of cancelling the debt, Synchrony continued, erroneously, to report a balance due on the Account to the credit reporting agencies, which appeared on Plaintiff's consumer reports.

27. In or about January 2024, Plaintiff obtained a copy of her credit reports from Equifax, Equifax, and TransUnion.

28. Upon review of Plaintiff's credit reports, Plaintiff observed that Synchrony was reporting that Plaintiff owed a past due balance on the Account in the amount of $2,146 on Plaintiff's Equifax and Experian credit reports.

29. The false information regarding the Account appearing on Plaintiff's consumer reports harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

30. Equifax and Experian each published the false information regarding the Account to third parties.

**PLAINTIFF'S WRITTEN DISPUTE**

31. Plaintiff sent a written dispute to Experian ("Experian Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Experian consumer report.

32. Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Equifax consumer report.

33. Despite the clarity and detail provided in the Experian Dispute and Equifax Dispute (together, the "Written Disputes"), the Account continued to appear on Plaintiff's Experian and Equifax consumer report with a balance past due.

34. Upon information and belief, Experian and Equifax forwarded Plaintiff's Written Disputes to Defendant Synchrony.

35. Upon information and belief, Synchrony received notification of Plaintiff's Written Disputes from Experian and Equifax.

36. Synchrony did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying Synchrony Account information with respect to the disputed information and the accuracy of the Synchrony Account.

37. Experian and Equifax did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

38. Upon information and belief, Synchrony failed to instruct Experian and Equifax to remove the false information regarding the Synchrony Account reporting on Plaintiff's consumer report.

39. Experian and Equifax each employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Written Disputes.

40. At no point after receiving the Written Disputes did Synchrony, and/or Experian and Equifax communicate with Plaintiff to determine the veracity and extent of Plaintiff's Written Disputes.

41. Experian and Equifax relied on its own judgment and the information provided to them by Synchrony rather than grant credence to the information provided by Plaintiff.

42. Experian and Equifax published the false information regarding the Account to third parties.

## COUNT I – EXPERIAN AND EQUIFAX

## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

43. Plaintiff re-alleges and reaffirms the above paragraphs 1-40 as though fully set forth herein.

44. After receiving the Experian Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

45. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's Equifax consumer report.

46. Defendants Experian and Equifax each violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendants Experian and Equifax published and maintained concerning Plaintiff.

47. As a result of this conduct, action and inaction of Defendants Experian and Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

48. Defendants Experian and Equifax's conduct, action, and inaction were willful, rendering Defendant Experian and Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

49. In the alternative, Defendants Experian and Equifax were negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

50. Plaintiff is entitled to recover costs and attorneys' fees from Defendants Experian and Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EXPERIAN AND EQUIFAX
## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

51. Plaintiff re-alleges and reaffirms the above paragraphs 1-40 as though fully set forth herein.

52. After receiving the Experian Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

53. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's Equifax consumer report.

54. Defendants Experian and Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in

Plaintiff's credit files.

55. As a result of this conduct, action and inaction of Defendants Experian and Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

56. Defendants Experian and Equifax's conduct, action, and inaction were willful, rendering Defendants liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

57. In the alternative, Defendants Experian and Equifax were negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

58. Plaintiff is entitled to recover costs and attorneys' fees from Defendants Experian and Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – SYNCHRONY

### (Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))

59. Plaintiff re-alleges and reaffirms the above paragraphs 1-58 as though fully set forth herein.

60. After receiving the Disputes, Synchrony failed to correct the false information regarding the Account reporting on Plaintiff's consumer reports.

61. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Synchrony's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Synchrony's representations to consumer credit reporting agencies, among other unlawful conduct.

62. As a result of this conduct, action, and inaction of Defendant Synchrony, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

63. Defendant Synchrony's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

64. In the alternative, Defendant Synchrony was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

65. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Synchrony pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted April 15, 2024

                                                <u>*/s/ Garrett Charity*</u>
                                                Garrett Charity
                                                McCarthy Law, PLC
                                                4250 North Drinkwater Blvd, Suite 320
                                                Scottsdale, AZ  85251
                                                Telephone: (602) 456-8900
                                                Fax: (602) 218-4447
                                                Garrett.Charity@mccarthylawyer.com
                                                Attorney for Plaintiff